UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 13 2012

******************************************************

| | |
|---|---|
| BENNIE T. HOUSTON | CIV. 12-4073-KES |
| Petitioner, | |
| -vs- | REPORT and RECOMMENDATION |
| MR. HOLLINGSWORTH, Warden, | |
| Respondent. | |

******************************************************

Petitioner, Bennie T. Houston, ("Houston") is a federal inmate currently incarcerated at the Yankton Federal Prison Camp. He has requested *in forma pauperis* status and filed a petition requesting relief under 28 U.S.C. § 2241. Houston's Motion to Proceed *in forma pauperis* (Doc. 2) is GRANTED.

The Court has taken judicial notice of the file in Houston's underlying criminal conviction from the United States District Court, Southern District of Indiana, Case No. 1:99CR00059-LJM-KPF-4 and of his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 also from the United States District Court, Southern District of Indiana, Case No. 1:04 CV-0078-LJM-WTL. *See, Hood v. United States*, 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips*, 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White*, 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

## BACKGROUND

In 1999, Houston was indicted in a multiple count Superseding Indictment along with twenty other defendants in a case which alleged conspiracy to distribute crack cocaine. Houston was convicted by a jury of Count I, which alleged conspiracy to possess with intent to distribute cocaine and crack cocaine in a quantity in excess of five kilograms. The District Court entered its Judgment on August 31, 2000 and sentenced Houston to 240 months imprisonment. Houston filed a direct appeal. On direct appeal, Houston challenged the validity of the wiretaps which were used to gather evidence against him and the sufficiency of the evidence adduced at trial to support a verdict that he was a member of the conspiracy. Houston's conviction was affirmed on appeal. *United States v. Dumes*, 313 F.3d 372 (7th Cir. 2002).

In 2004, Houston filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. *See United States of America v. Benny Tony Houston*, 1:04-CV-0078-LJM-WTL (United States District Court, Southern District of Indiana). In that case, Houston claimed his trial counsel was ineffective for failing to "present issues which would have required the jury to determine the nature and quantity of drugs found in connection with its verdict" (invoking *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)) and that it was error to adjust his base offense level upward two levels for the possession of a firearm during the course of his offense. The Court explained in part:

> [T]he rule of *Apprendi* is not implicated where the actual sentence imposed is less severe than the statutory maximum. *United States v. Williams*, 238 F.3d 871, 878 (7th Cir.)(citations omitted) *cert. denied,* 532 U.S. 1073 (2001). Houston was ultimately sentenced to 240 months imprisonment, pursuant to 21 U.S.C. § 841(a)(1). A conviction under 21 U.S.C. § 841(a)(1) carries a 20 year maximum sentence if no drug quantity is proven beyond a reasonable doubt. *See* 21 U.S.C. § 841(b)(1)(C). Given that the jury found Houston guilty of the offense charged, this period did not exceed the statutory maximum. The Court of Appeals has 'repeatedly stated that in drug cases, *Apprendi* has no application where a drug dealer is given a sentence at or below the maximum provided in § 841(a)(1)(C). This is the case because a conviction under § 841(a)(1)(C) does not require any drug quantity to be found by the jury.' *United States v. Hernandez*, 330 F.3d 964, 980 (7th Cir. 2003) (footnote omitted). The application of this principle is illustrated in *United States v. Brough*, 243 F.3d 1078, 1079-80 (7th Cir. 2001); 'If, for example, [the offense involves] cocaine or heroin, then any penalty up to 20 years is lawful even if the jury does not find a particular quantity, because 20 years is the maximum under § 841(b)(1)(C) for unlawfully distributing any detectible quantity of any Schedule I or II controlled

substance.' That is *precisely* what occurred in Houston's case, and much to his benefit, which is why it also was not ineffective assistance for his attorney not to assign as error the failure to submit a question concerning the nature or quantity of the drugs involved to the jury.

\*\*\*

In a related vein, Houston argues it was error to adjust his base offense level upward two levels for the possession of a firearm during the course of his offense, pursuant to U.S.S.G. §2D1.1(b)(1). This enhancement was properly made in Houston's case, though in any event it had no effect on the length of his sentence, because of the §841(b)(1)(c) 20 year cap.

*United States of America v. Benny Tony Houston*, 1:04-CV-0078-LJM-WTL (United States District Court, Southern District of Indiana), Doc. 9. The District Court denied Houston's § 2255 petition.

In 2008, Houston moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706. His motion was denied by the District Court and affirmed by the Seventh Circuit. In its Order, the Seventh Circuit explained

> [b]ecause the jury did not specifically find the type and amount of drugs beyond a reasonable doubt, the district court sentenced Houston to the presumptive statutory maximum of 20 years, and this court affirmed. . . . Houston's applicable guidelines range was not based on the crack cocaine guidelines but was driven entirely by the statutory maximum. *See* U.S.S.G. §5G1.1(a). Amendment 706 does not apply to Houston because his sentence was not based on a sentencing range that 'has subsequently been lowered by the Sentencing Commission.'

*See United States v. Bennie T. Houston*, No. 08-4206 (United States Court of Appeals for the Seventh Circuit, Doc. 10)(citations omitted). In May, 2012, Houston again moved for a sentence reduction. *See United States v. Bennie Tony Houston*, 1:99-CR-0059-LJM-KPF-4 (Doc. 66). In the motion filed by his appointed counsel, Houston explained the basis for his renewed motion for sentence reduction:

> Defendant was sentenced . . . on August 31, 2000, to a term of 240 months imprisonment. Defendant's base level offense was 38, increased by two levels for use of a firearm, for a final offense level of 40, a criminal history level of III and a guideline range of 360 months to life. At the time of sentencing the Court ruled that Mr. Houston's statutory maximum sentence was 20 years, or 240 months. On November 1, 2011, the guideline range under which Defendant was sentenced was further lowered by the U.S. Sentencing Commission, and the amendment was thereafter made retroactive by unanimous vote of the Commission. . . . Defendant is eligible for a reduction to his sentence by this retroactive application and in

3

accordance with §3582(c)(2) and USSG §1B1.10. . . . . Mr. Houston is scheduled to be released on September 29, 2016. Mr. Houston's amended guideline range is 235-293 months (total offense level of 36 and a criminal history level of III). . . .

On May 24, 2012, the United States District Court for the Southern District of Indiana granted Houston's second Motion for Sentence Reduction. His sentence was reduced from 240 months to 235 months.

Houston filed the instant petition pursuant to 28 U.S.C. § 2241 seeking to further reduce his term of imprisonment. He alleges "ineffective assistance of counsel because sentence is in excess of the authorized statutory maximum pursuant to 18.3551(b)(3) and 18.3581(b)(3)." In other words, Houston alleges that pursuant to 18 U.S.C. § 3581(b)(3), the maximum allowable term of imprisonment for a Class C felony is twelve years.[1]

## ANALYSIS

A review of the document Houston has filed with this Court reveals that it must be dismissed because the subject matter of the Petition is outside the boundaries of relief which may be sought through a § 2241 petition.

### 1. Houston's Claims are Not Properly Construed as § 2241 Claims

In his papers (Doc. 1), Houston explains his trial counsel was ineffective because Houston believes he was sentenced incorrectly. Houston alleges his maximum sentence for his conviction of conspiracy to distribute in excess of five kilograms of crack cocaine should be capped at twelve years imprisonment, pursuant to 18 U.S.C. § 3581(b)(3).

A petitioner may attack the execution of his sentence through a § 2241 petition in the district of his incarceration, but a challenge to the validity of conviction or sentence must be brought under §2255 in the district of the sentencing court. *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir.

---

[1] The crime for which Houston was convicted (conspiracy to distribute crack cocaine) is not assigned a letter designation within the statute defining the crime. Its designation of a Class C felony is determined by 18 U.S.C. § 3559(a)(3) because the maximum term of imprisonment authorized by the law defining the offense is less than twenty-five years but ten or more years.

4

2002). *See also Hill v. Morrison* 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255(e) contains a "savings clause" which states:

> [an application for habeas relief] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

If § 2255 is adequate or effective, then the District Court lacks jurisdiction to entertain a § 2241 petition. *Hill* at 1091. The Petitioner bears the burden of demonstrating § 2255 relief in the sentencing court is unavailable or ineffective. *Id.; Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Petitioner may not "skirt designated procedural pathways by renumbering [his] filings." *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061 (8th Cir. 2002).

In his Petition, Houston explains that he has "just recently learned about the statutory authorized maximum sentence pursuant to 18.3551(b)(3) statutory directives and 18.3581(b)(3). Defendant has already filed a 2255 motion and cannot file another." *See* Doc. 1, p. 4, ¶ 14. In *Hill v. Morrison*, however, the Eighth Circuit explained "a § 2255 motion is not inadequate or ineffective 'merely because (1) § 2255 relief has already been denied; (2) the petitioner has been denied permission to file a second or successive § 2255 motion; (3) a second or successive motion has been dismissed; or (4) the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Hill*, 349 F.3d at 1091 (punctuation altered).

Likewise, a prisoner cannot raise in a § 2241 motion filed in the district court of incarceration an issue "which could or was actually raised in the § 2255 motion filed in the sentencing district." *Id.* at 1092. Although Houston asserts that he has "just recently learned" of the legal theory he advocates in this § 2241 motion he does not provide any explanation for the delay or why he did not raise it in the § 2255 motion he filed in the Southern District of Indiana. Houston has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore is without jurisdiction to entertain Houston's § 2241 claims. *Id.*

5

## 2. Houston's Substantive Argument Fails

Although Houston's petition must be dismissed for lack of jurisdiction, it would nevertheless fail even if considered on the merits. His argument is doomed by the plain language of the statutes upon which Houston relies. Houston, however is not the first federal inmate to point to 18 U.S.C. § 3559(a)(3) and 18 U.S.C. § 3581(b)(3) in an attempt to reduce his term of imprisonment to twelve years. In *United States v. Wilson*, 10 F.3d 734 (10th Cir. 1993) the defendant was convicted of attempted bank robbery. The applicable defining statute for bank robbery (18 U.S.C. § 2113(a)) designated a maximum prison sentence of twenty years. In rejecting the petitioner's argument that 18 U.S.C. § 3559(a)(3) and 18 U.S.C. § 3581(b)(3) should have capped his term of imprisonment at twelve years, the Tenth Circuit explained:

> Pursuant to 18 U.S.C. § 3559, 'an offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . less than twenty-five years but ten or more years, as a Class C felony.' 18 U.S.C. § 3559(a)(3). Generic Class C felonies fall under the sentencing requirements found in 18 U.S.C. § 3581, which provides that 'a defendant who has been found guilty of an offense may be sentenced to a term of imprisonment. The authorized terms of imprisonment are . . .for a Class C felony, not more than twelve years.' 18 U.S.C. § 3581(a), (b)(3).
>
> Mr. Wilson maintains that §§3559 and 3581 render the language of the attempted robbery statute ambiguous because Class C felonies are subject to a twelve year maximum, in contrast to the twenty year maximum found in § 2113(a).
>
> \*\*
>
> In this case we need not resort to the legislative history because the statutes are not facially ambiguous. The intent of Congress can be gleaned from the language of these sections. Pursuant to § 2113(a), the statutory maximum for attempted robbery is twenty years. The statute is absolutely clear. It is only through resort to § 3559 and 3581 that Mr. Wilson raises an alleged ambiguity. While a cursory review might lead to the conclusion that these statutes create a conflict, any apparent discrepancy is taken care of by §3559(b), which provides that 'the maximum term of imprisonment is the term authorized by the law describing the offense.'
>
> Thus, although §§3559(a)(3) and 3581(b)(3) might, standing alone, be construed to create some confusion when compared to §2113(a), § 3559(b) makes clear the intent of Congress on the issue.

*United States v. Wilson*, 10 F.3d 734, 735-36 (10th Cir. 1993). *See also, United States v. Benabe*, 436 Fed. Appx. 639, 661 (7th Cir. 2011) (rejecting a similar argument for the maximum penalty imposed by the RICO statute). Houston has presented no persuasive authority that the generic twelve year

6

maximum penalty found at 18 U.S.C. §3581(b)(3), rather than the specific twenty year maximum penalty for the crime of conviction, found at 21 U.S.C. § 841(b)(1)(C), should apply. Even if considered on the merits, therefore, his claim fails.

## CONCLUSION and RECOMMENDATION

Petitioner has failed to maintain his burden to show a remedy under § 2255 is inadequate or ineffective. This Court, therefore is without jurisdiction to entertain Petitioner's § 2241 claims. Even if considered on the merits, however, his claim fails. It is therefore respectfully RECOMMENDED to the District Court that Petitioner's application for writ of habeas corpus (Doc. 1 in this file) be DENIED with prejudice.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 13 day of August, 2012.

BY THE COURT:

John E. Simko
United States Magistrate Judge