UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNIE T. HOUSTON, | ) | Civ. 12-4073-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| MR. HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, Bennie T. Houston, filed a petition for relief under 28 U.S.C. § 2241 on April 18, 2012. Docket 1. The court referred the petition to United States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purposes of conducting any necessary hearings and issuing a report and recommendation for the disposition of Houston's § 2241 petition.

On August 13, 2012, Magistrate Judge Simko issued his report and recommendation. Docket 4. Houston timely filed his objections to the report and recommendation on August 20, 2012. Docket 5. For the reasons set forth herein, Magistrate Judge Simko's report and recommendation will be adopted in full.

## DISCUSSION

The court's review of the magistrate judge's decision is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely

made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In the instant case, Houston objects to Magistrate Judge Simko's findings that (1) the district court does not have jurisdiction to consider Houston's § 2241 petition, and (2) Houston's claim fails on the merits. Docket 5. The court has reviewed de novo the issues raised by Houston's objections.

In his first objection, Houston asserts that the district court does, in fact, have proper jurisdiction to consider his § 2241 petition because the petition was filed pursuant to the "savings clause" found at § 2255(e), which states as follows:

> [an application for habeas relief] shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

According to Houston, the relief afforded to him by his original § 2255 petition was inadequate or ineffective, but this is only because Houston failed to raise the sentencing issue in his original § 2255 petition–a shortcoming that Houston claims was the result of the complexity of the "reform act sentencing scheme." *Id.* Houston further claims that a successive § 2255 petition would be inadequate or ineffective because, due to the one-year statute of limitations, Houston is unable to receive relief under a § 2255 petition. *Id.*

As Magistrate Judge Simko noted in his report and recommendation,

2

> a § 2255 motion is not "inadequate or ineffective" merely because (1) "§ 2255 relief has already been denied," (2) "[the] petitioner has been denied permission to file a second or successive § 2255 motion," (3) "a second or successive § 2255 motion has been dismissed," or (4) "[the] petitioner has allowed the one year statute of limitations and/or grace period to expire."

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (quoting *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). Furthermore, the magistrate judge explained that "a § 2241 habeas petitioner cannot raise, in the district of incarceration, an issue which could have been or actually was raised in a § 2255 motion filed in the sentencing district." *Id.* at 1092 (citing *Lurie*, 207 F.3d at 1077–78).

Nonetheless, Houston maintains that the relief available to him through a § 2255 petition is inadequate or ineffective because the complexity of the issue at hand prevented him from raising it within the one-year statute of limitations applicable to a § 2255 petition. Docket 5 at 2. Such an explanation, however, does not suffice to give this court subject matter jurisdiction over Houston's § 2241 petition. The fact that the statute of limitations for filing a § 2255 petition has expired does not render the remedies available to Houston in the sentencing district "inadequate" or "ineffective." *See Lurie*, 207 F.3d at 1077 ("[T]he fact that [petitioner] may not now utilize § 2255 because his one-year grace period has run, does not automatically render § 2255 inadequate or ineffective."). Because the issue before this court could have been raised in a

3

§ 2255 motion filed in the sentencing district, it is not properly raised in the district where petitioner is incarcerated.

In his second objection, Houston asserts that the magistrate judge's finding–that the twenty-year maximum penalty found at 21 U.S.C. § 841(b)(1)(C) applied to Houston's conviction–was "incorrect" and "not on point." Docket 5 at 2. Houston contends that the court should have utilized 18 U.S.C. §§ 3559(b) and 3583(b) to determine his maximum penalty because Congress intended that those two statutes "work together in determining the actual statutory maximum . . . term of imprisonment for any federal offense." *Id.* at 3.

Pursuant to 18 U.S.C. § 3559(b), "an offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, *except that the maximum term of imprisonment is the term authorized by the law describing the offense*" (emphasis added). Section § 3583(b), on the other hand, discusses authorized terms of supervised release. Although these two statutes, as Houston suggests, work together for purposes of sentencing determinations, there are other provisions the court must also consider. Specifically, as noted above, the court must utilize the maximum term of imprisonment authorized by the law describing the offense. In Houston's case, 21 U.S.C. § 841 describes his offense–conspiracy to possess with intent to distribute a controlled substance. Because the controlled substances at issue were cocaine and crack

cocaine, the applicable maximum term of imprisonment, as specified by 21 U.S.C. § 841(b)(1)(C), was "not more than 20 years."

Houston further argues that, to reconcile the various sentencing guidelines within Title 18, the court must impose the sentencing guideline found at 18 U.S.C. § 3581(b)(3). As Magistrate Judge Simko noted, Houston is not the first federal inmate to raise the argument that the statute describing his specific offense is obscured by other, more general penal statutes. Docket 4 at 6; *see United States v. Wilson*, 10 F.3d 734 (10th Cir. 1993). To clarify the apparent discrepancy between 18 U.S.C. § 3581 and the statute describing the petitioner's specific offense, the United States Court of Appeals for the Tenth Circuit in *Wilson* explained that the terms of imprisonment set forth in 18 U.S.C. § 3581 are sentencing requirements implicated by "[g]eneric" felonies. *Id.* at 735. Because attempted robbery was not a generic Class C felony but rather a felony specifically prescribed by 18 U.S.C. § 2113, the Tenth Circuit applied the maximum term of imprisonment set forth at § 2113(a). *Id.* at 736.

Similarly, the felony for which Houston was convicted was not a generic Class C felony. Rather, it was specifically defined at 21 U.S.C. § 841. Because Houston's offense was specifically prescribed by law, the court was required to impose the maximum term of imprisonment authorized by that law. Consequently, even if this court had jurisdiction to consider Houston's § 2241 petition, Houston's request for a reduced sentence would fail on the merits.

Therefore, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 4) is accepted in full and Houston's § 2241 petition (Docket 1) is denied in all respects. Petitioner's objections (Docket 5) are overruled.

Dated December 18, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE